UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

United States of America,                               Case No. 3:21-cr-504

        Plaintiff,

    v.                                                              ORDER

Jeremy David Adams,

        Defendant.


The government has moved for a protective order pursuant to Federal Rule of Criminal Procedure 16(d)(1). (Doc. No. 61). Defendant Jeremy Adams opposes the government's motion to the extent that the government will have the ability to identify in the first instance the materials it believes must be designated as "Protected Material." (Doc. No. 65 at 1-2).[1] Adams argues that, instead "[t]he 'protected materials' should be designated by the Court and only be designated by the specific details for each document in which such protection is needed." (*Id.* at 1).

But Adams fails to identify any justification for the burdensome procedure he proposes. The Federal Rules place the onus on the parties to disclose to one another relevant documents and information within their possession. *See, e.g.,* Fed. R. Crim. P 16(a)-(b). It is not the responsibility of the federal courts to manage the production of discovery in the first instance. The designation of materials as "protected" will not reduce the government's disclosure responsibilities; it simply

---

[1] Adams also objects to the government's motion by asserting, without any support, that "the prosecutor . . . has already suborned perjury." (Doc. No. 65 at 1). Adams has not attempted to identify any factual basis for this accusation, and I expressly reject it.

requires Adams and his standby counsel to maintain those materials in a secure location and imposes limits on who may access those materials. (*See* Doc. No. 61-1).

Adams also argues he "must be allowed to make copies in order to attach any relevant evidence to a briefing." (Doc. No. 65 at 2). But this hypothetical scenario does not mean I must reject the government's motion. If this scenario arises in the future, Adams and his standby counsel may file a motion for leave to file the protected documents under seal, and I will be better able to address the matter at that time.

I grant the government's motion for a protective order and order the Clerk of Court to enter the proposed protective order, (Doc. No. 61-1), on the docket.

Finally, Adams requests an extension of time to reply to the government's briefs in opposition to his pending motions. (*Id.*). Adams shall file his reply briefs within 30 days of the date on which the government updates its discovery disclosures, consistent with the forthcoming protective order.

So Ordered.

s/ Jeffrey J. Helmick
United States District Judge