UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

United States of America,            Case No. 3:21-cr-504

           Plaintiff,

     v.            MEMORANDUM OPINION
           AND ORDER

Jeremy Adams,

           Defendant.

## I. INTRODUCTION AND BACKGROUND

Defendant Jeremy Adams is proceeding *pro se* in this case, with the Office of the Federal Public Defender appointed as stand-by counsel. (*See* non-document entry dated September 6, 2022). Adams is charged with sexual exploitation of a minor (production of child pornography), in violation of 18 U.S.C. § 2251(a). (Doc. No. 128). Adams has engaged in substantial motion practice since making the decision to proceed without the assistance of counsel.

On August 28, 2023, after the completion of briefing, I issued an omnibus opinion on 12 of Adams' motions. I denied Adams' motions to dismiss and his motion for reconsideration of my denial of his motion to suppress, as well as his motions: to expand hearing, to adjust pretrial motion deadlines and set a trial date, for the return of his property, to appoint a technology expert, to set a trial date, to follow party presentation principle, and to set hearings. (Doc. No. 119). I granted Adams' motion to preclude use of the term "victim" and order the parties to use the term "alleged victim" instead, while denying the motion to the extent Adams sought to broadly prohibit the use of any undefined "derogatory" term. Finally, I granted Adams' Rule 16 motion for copies of four

identified devices, subject to the imposition of appropriate safeguards, including the removal of any contraband, while denying the motion to the extent it asserts a right to relief under Rule 41(g).

Adams has filed a document he tilted an "Omnibus Objection to Memorandum Opinion and Order Issued 8/28/2023," but which, for all practical purposes, is a motion for reconsideration, arguing my rejection of his various arguments creates a manifest injustice. (Doc. No. 129 at 1-2). For the reasons stated below, I overrule Adams' objection and deny the motion for reconsideration.

## II. DISCUSSION

While the Federal Rules of Criminal Procedure do not contemplate motions for reconsideration, courts "adjudicating such motions in criminal cases typically evaluate such motions under the same standards applicable to a civil motion to alter or amend judgment" filed pursuant to Federal Rule of Civil Procedure 59(e). *United States v. Stamper*, No. 1:15CR109, 2018 WL 1241575, at *6 (S.D. Ohio Mar. 9, 2018) (citations omitted). "Under Rule 59, a court may alter the judgment based on: '(1) a clear error of law; (2) newly discovered evidence; (3) an intervening change in controlling law; or (4) a need to prevent manifest injustice.'" *Leisure Caviar, LLC v. U.S. Fish & Wildlife Serv.*, 616 F.3d 612, 615 (6th Cir. 2010) (quoting *Intera Corp. v. Henderson*, 428 F.3d 605, 620 (6th Cir. 2005). These motions are not designed to give an unhappy litigant an opportunity to relitigate matters already decided; nor are they a substitute for appeal. *Dana Corp. v. United States*, 764 F. Supp. 482, 488-89 (N.D. Ohio 1991).

Adams generally argues (1) I erred by using "false facts" to deny his suppression motion and his motion for reconsideration of his suppress motion; (2) I did not "properly assess" his First and Tenth Amendment arguments; (3) I improperly rejected his alternate view of the facts underlying the California search warrants and wrongly denied his motion for a *Franks* hearing; (4) my rejection of his motion for reconsideration of his suppression motion based upon the doctrine of inevitable discovery "is flabbergastingly outrageous" and contrary to law; and (5) I have improperly rejected his

2

assertions that the messages between himself and the fictional minor girl in California are fabricated. (Doc. No. 129 at 2, 5, and 10).

I already considered each of these arguments in ruling on his motions. (Doc. No. 119 at 5-18, 21-22). His disagreement with my decisions is not an appropriate basis for reconsideration.

### III. CONCLUSION

For the reasons set forth above, I overrule Adams' objections and deny his motion for reconsideration. (Doc. No. 129).

So Ordered.

s/ Jeffrey J. Helmick  
United States District Judge