UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

United States of America,                                     Case No. 3:21-cr-504

           Plaintiff,

  v.                                                                         ORDER

Jeremy David Adams,

           Defendant.


Defendant Jeremy Adams filed an objection to the exclusion of time from the speedy trial clock between September 5, 2023, and October 4, 2023. (Doc. No. 133). Adams contends "no trial date was offered before 10/3/2023" and therefore time should not be excluded until after that date. (*Id.* at 1).

Adams' objection lacks merit. On September 14, 2023, after Adams stated on the record that he was unable to prepare for trial in time to proceed on October 3, 2023 – a date which I represented to Adams I would make available by vacating a different criminal trial – Adams stated "I've already told my people I'll stick to that date, so it's just easier for me to keep it now and it's already been set." (Doc. No. 127 at 5). I then asked Adams "you understand I'm excluding time under the speedy trial clock based on that request until that date?" (*Id.* at 6). Adams responded "Yes." (*Id.*). I continued, asking Adams, "And you are not objecting to that?" (*Id.*). Adams responded, "No, sir." (*Id.*).

Adams' complaint that "no trial date was offered before 10/3/23" is a red herring. (Doc. No. 133 at 1). By his own admission, he would not have been ready for trial even if I had offered an earlier date.

Adams represented in court, on the record, that he did not object to the exclusion of time under the speedy trial clock. And he has not provided any basis at all upon which he conceivably might be permitted to disavow that representation. Therefore, I overrule his objection and affirm the exclusion of time from September 5, 2023 until December 14, 2023, the date on which trial is scheduled to begin.

So Ordered.

s/ Jeffrey J. Helmick
United States District Judge