IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | CASE NO. 3:21-CR-504 |
| Plaintiff, | ) | JUDGE JEFFREY J. HELMICK |
| v. | ) | |
| | ) | **MOTION IN LIMINE TO EXCLUDE** |
| JEREMY DAVID ADAMS, | ) | **EVIDENCE REGARDING VIOLATION** |
| | ) | **OF THE NO-CONTACT ORDER** |
| Defendant. | ) | |

Jeremy Adams, by and through counsel, moves the Court to exclude evidence pertaining to his pretrial violation of the no-contact order. (*See* Minute Entry Nov. 21, 2023; Doc. No. 42). Mr. Adams moves this Court to exclude evidence of the violation, as it is not relevant to his charge, is not admissible under Evidence Rule 404(b), and any probative value the use of this evidence may have is substantially outweighed by a danger of unfair prejudice. *See* Fed. R. Evid. 401-04.

Beginning with relevance, Federal Evidence Rule 401 provides that evidence "is relevant if: (a) it has any tendency to make a fact more or less probable than it would be without the evidence; and (b) the fact is of consequence in determining the action." A fact is "of consequence" in criminal cases "if it makes it more or less likely that the defendant committed the charged conduct." *United States v. Hazelwood*, 979 F.3d 398, 409 (6th Cir. 2020). To be relevant, evidence "must at least be a step on one evidentiary route to the ultimate fact." *Id.* (internal quotation marks omitted). Rule 402 dictates that "[i]rrelevant evidence is not admissible."

Mr. Adams is charged with sexual exploitation of a minor, which is alleged to have

occurred in the year 2017. (Doc. No. 128, Superseding Indictment); *see* 18 U.S.C. § 2251(a). The question for the jury is, then, whether he, in 2017, employed, used, persuaded, induced, enticed, or coerced a minor to engage in sexually explicit conduct for the purpose of producing a visual depiction of that conduct. *See* 18 U.S.C. § 2251(a). His actions six years after the alleged conduct do not make any fact of consequence to the question of guilt any more or less probable than such fact would be without this evidence. As such, this conduct is not relevant.

Should the Court hold otherwise, this evidence is prohibited under Rules 404(b) and 403. Rule 404(b)(1) provides that "[e]vidence of any other crime, wrong, or act is not admissible to prove a person's character in order to show that on a particular occasion the person acted in accordance with the character." Such evidence may be admissible for a different purpose. Fed. R. Evid. 404(b)(2). To determine admissibility, the Court undertakes a three-step analysis that begins with determining "whether there is sufficient evidence that the crime, wrong, or other act took place." *United States v. Barnes*, 822 F.3d 914, 920 (6th Cir. 2016). Next, the Court determines whether the other act is admissible for a permitted purpose under Rule 404. *Id.* Finally, the Court must determine "whether any risk of unfair prejudice substantially outweighs the evidence's probative value." *Id.*

Federal Rule of Evidence 403 provides that the Court "may exclude relevant evidence if its probative value is substantially outweighed by a danger of one or more of the following: unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence." The risk of unfair prejudice is the "undue tendency to suggest a decision based on improper considerations." *United States v. Hazelwood*, 979 F.3d 398, 412 (6th Cir. 2020) (internal quotation marks omitted). "The jury therefore reaches a verdict based on emotions instead of evidence." *Id.*

Here, while the Court found Mr. Adams in violation of the no-contact order, there is no other permissible purpose for which this evidence could be admitted. As discussed in the relevance analysis, this conduct occurred six years after the alleged conduct in the superseding indictment. It therefore has no bearing on any permissible purpose listed in Rule 404(b)(2) relative to that charge.

Even if it is admissible for a permissible purpose, any probative value of this evidence is substantially outweighed by the risk of unfair prejudice. Evidence that Mr. Adams was attempting to contact the alleged victim in this case could easily negatively impact jurors in such a way that leads them, consciously or otherwise, to decide the question of guilt based on improper considerations, such as negative emotions toward Mr. Adams.

As such, Mr. Adams asks this Court to exclude evidence of his violation of the no-contact order.

Respectfully submitted,
Stephen Newman
Federal Public Defender
Ohio Bar: 0051928

*/s/ Claire R. Cahoon*
Claire R. Cahoon (OH Bar No. 0082335)
Assistant Federal Public Defender
Krysten E. Beech (OH Bar No. 0094020)
Research and Writing Attorney
Office of the Federal Public Defender
617 Adams Street, 2nd Floor
Toledo, Ohio 43604
Phone: 419-259-7370
Fax: 419-259-7375
claire_cahoon@fd.org
krysten_beech@fd.org