UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

United States of America,

        Plaintiff,

v.

Jeremy Adams,

        Defendant.

Case No. 3:21-cr-504

MEMORANDUM OPINION
AND ORDER

## I.    Introduction

Defendant Jeremy Adams has been proceeding in this case *pro se*, with the assistance of appointed stand-by counsel from the Office of the Federal Public Defender. (*See* non-document entry dated September 6, 2022). On October 13, 2023, Adams requested leave to file a motion to dismiss this case due to the alleged violation of his Sixth Amendment speedy trial right and also requested, if that motion was unsuccessful, that stand-by counsel be appointed to represent him at trial. (*See* Doc. No. 143).

Adams subsequently filed his motion on October 17, 2023.[1] (Doc. No. 140). The government filed a brief in opposition to the motion. (Doc. No. 153). Adams then filed a brief in

---

[1] During the October 13, 2023 pretrial hearing, Adams represented that his motion would focus only on his Sixth Amendment speedy trial right and would be approximately 30 pages long. (Doc. No. 143 at 5). Instead, Adams filed an 83-page motion (1) raising speedy trial arguments under the Sixth Amendment, the Speedy Trial Act, and Federal Rule of Criminal Procedure 48(b), (2) requesting that I disqualify one of the Assistant United States Attorneys from further representation in this case, and (3) strike from the records what Adams claims to be "proven false statements." (Doc. No. 140 at 1).

reply. (Doc. No. 164). For the reasons stated below, I deny Adams's motion in part and grant it in part.

## II. BACKGROUND

I previously summarized the factual and procedural history of this case in ruling upon Adams' earlier motion for release from pretrial detention pursuant to 18 U.S.C. § 3164:

> On November 6, 2020, Adams was charged by criminal complaint with one count of sexual exploitation of a minor, production of child pornography, in violation of 18 U.S.C. § 2251(a). (Doc. No. 1). He was arrested at his home in Lodi, California on May 18, 2021, before being transferred to the Northern District of Ohio. (*See* Doc. No. 3-1 and 3-2). Adams waived his right to a preliminary hearing and appeared via video conference before Magistrate Judge Darrell A. Clay for a detention hearing on June 23, 2021. (*See* non-document entry dated June 23, 2021). Judge Clay concluded Adams failed to rebut the presumption in favor of detention arising under 18 U.S.C. § 3142(e)(3) and concluded, by clear and convincing evidence, that no condition or combination of conditions of release would reasonably assure the safety of others and the community if Adams were released. (Doc. No. 9 at 2-3). Then, on July 7, 2021, Adams was indicted by a grand jury on one count of sexual exploitation of a minor (production), in violation of § 2251(a). (Doc. No. 10).
>
> At the time of his indictment, Adams was represented by retained counsel. Adams, through retained counsel, filed a motion for pretrial release on October 7, 2021. (Doc. No. 15). Eight days later, on October 15, 2021, Adams filed a motion to suppress evidence obtained pursuant to a search warrant issued by a California state court judge in July 2020. (Doc. No. 17). The motion also sought suppression of evidence obtained from subsequent searches of his property. (*Id*). Those subsequent searches had uncovered photographs and videos on Adams' electronic devices of Adams and a female who, it was eventually determined, was 17 years old at the time the photos and videos were taken. (*See* Doc. No. 34 at 1-4).
>
> The government filed its brief in opposition to Adams' motion for pretrial release on October 29, 2021. (Doc. No. 20). The government also sought two extensions of time to respond to Adams' motion to suppress. I granted both extensions (the second of which was granted over Adams' objection), and the government filed its brief in opposition on December 27, 2021. (Doc. No. 27). Adams filed reply briefs in support of both of his motions on January 28, 2022. (Doc. Nos. 32 and 33).
>
> On May 24, 2022, I issued a memorandum opinion and order denying Adams' motion to suppress and set the case for a status conference on June 8, 2022. (*See* Doc. No. 34). During the June 8 status conference, Adams' retained attorneys sought leave to file a motion to withdraw as counsel, which I granted. Counsel filed their motion on June 23, 2022, and requested that an attorney from the Federal Public Defender's Office ("FPD") be appointed to represent Adams. (Doc. No. 35). On June 29, 2022, I granted the motion to withdraw and appointed counsel from FPD to represent Adams. (*See* non-document entries dated June 29, 2022).

2

> Approximately two months later, on August 24, 2022, Adams mailed two motions to the Clerk of Court. (See Doc. Nos. 43 & 44). In one motion, Adams requested that he be permitted to represent himself and that the FPD be appointed as standby counsel. In the second, Adams moved for his immediate release on his own recognizance due to alleged violations of the Speedy Trial Act, and for the return of some of his property.
>
> On September 6, 2022, I held a hearing regarding Adams' motion to proceed *pro se*. After inquiring of the Defendant and his counsel, I granted the motion and appointed the FPD as standby counsel. I also instructed the Clerk of Court to file the documents Adams had mailed on the docket as *pro se* motions. (*See* non-document entry dated Sept. 6, 2022).

(Doc. No. 55 at 1-3).

His most recent *pro se* motion raises a variety of arguments, ranging from the Sixth Amendment's speedy trial protections to the Speedy Trial Act to requests to disqualify government counsel. (Doc. No. 140). I address those arguments in turn below.

### III. ANALYSIS

#### A. THE SPEEDY TRIAL ACT

Adams contends this case should be dismissed with prejudice because more than 30 days passed between his arrest and the filing of the original indictment. (Doc. No. 140 at 55-58).

The Speedy Trial Act requires that an "indictment charging an individual with the commission of an offense shall be filed within thirty days from the date on which such individual was arrested or served with a summons in connection with such charges." 18 U.S.C. § 3161(b). Section 3161 excludes certain days from the 30-day total, including any period of delay "resulting from transportation of [the] defendant from another district . . . except that any time consumed in excess of ten days from the date an order of removal or an order directing such transportation, and the defendant's arrival at the destination shall be presumed to be unreasonable." 18 U.S.C. § 3161(h)(1)(F).

If the government does not file an indictment within that mandatory 30-day period, the charges against the defendant "shall be dismissed or otherwise dropped." 18 U.S.C. § 3162(a)(1); *see*

3

*also United States v. DeJohn*, 368 F.3d 533, 538-39 (6th Cir. 2004) ("[T]he remedy for a violation of the thirty-day arrest-to-indictment rule is the dismissal of charges contained in the criminal complaint against the accused."). The defendant may establish the government violated the Act simply by pointing to a calendar and showing more than 30 days passed between the date of the defendant's arrest and the date on which the indictment was filed. *See United States v. Jenkins*, 92 F.3d 430, 438 (6th Cir. 1996).

The record establishes the charge against Adams must be dismissed. Adams was arrested on May 18, 2021. Fifty days passed from that date until July 7, 2021,[2] when the original indictment against Adams was filed. (Doc. No. 10). Twelve of these days are excludable – ten days for transportation time[3] pursuant to § 3161(h)(1)(F), and one day each for Adams' initial appearance on June 17 and his detention hearing on June 21. *See Bloate v. United States*, 559 U.S. 196, 199 (2010) (noting "'delay resulting from . . . proceedings concerning the defendant' is automatically excluded from a Speedy Trial Act calculation") (citing 18 U.S.C. § 3161(h)(1)); *United States v. Crawford*, 982 F.2d 199, 203 (6th Cir. 1993) (noting "day of" proceedings are excluded from speedy trial clock).

That leaves a total of thirty-eight days between the date of Adams' arrest and the date on which the indictment was filed. The statute expressly requires the indictment be "filed" within 30 days. 18 U.S.C. § 3161(b). It was not, and therefore the charge against Adams must be dismissed.

Section 3162 assigns to a district judge the discretion to determine whether a defendant's charges should be dismissed with or without prejudice. "In determining whether to dismiss the case with or without prejudice, the court shall consider, among others, each of the following factors: the

---

[2] The day of the indictment is excluded from the speedy trial calculation. *United States v. Mentz*, 840 F.2d 315, 326 (6th Cir. 1998).

[3] It is unclear from the record how long it took for Adams to arrive in Ohio from California, though he indicates one month passed following his arrest. (Doc. No. 140 at 57). Whatever the duration, the government has not pointed to any facts which would permit the exclusion of any days beyond the statutorily directed ten days.

seriousness of the offense; the facts and circumstances of the case which led to the dismissal; and the impact of a reprosecution on the administration of this chapter and on the administration of justice." 18 U.S.C. § 3162(a)(1). I conclude these factors weigh in favor of dismissal without prejudice.

First, the charge against Adams – sexual exploitation of a minor through the production of child pornography, in violation of § 2251(a) – is serious, as Adams faces a 15-year mandatory minimum sentence if he were convicted of this offense. While Adams maintains the offense is not serious because his conduct is protected by the First Amendment, (Doc. No. 140 at 56-57), I previously rejected this argument and again reject it for the same reasons. (*See* Doc. No. 119 at 5-6).

Next, the facts and circumstances of the case leading to dismissal – the passage of eight additional days beyond the thirty days permitted by statute – do not indicate there was any "'affirmative misconduct'" by the government in the delay in obtaining the indictment. *United States v. Gross*, 432 F. App'x 490, 494 (6th Cir. 2011) (quoting *United States v. Pierce*, 17 F.3d 146, 149 (6th Cir. 1994)). The record does not contain, and Adams does not suggest there is, any evidence that the eight-day delay beyond the thirty-day deadline was the result of "bad faith or an attempt to gain a tactical advantage" rather than a mistake or oversight. *Gross*, 432 F. App'x at 493. Thus, this factor does not weigh in favor of a dismissal with prejudice.

I conclude the final factor – the impact of a subsequent prosecution on the administration of justice – weighs in favor of a dismissal without prejudice. The Sixth Circuit has instructed courts to consider "whether the defendant suffered actual prejudice as a result of the delay . . . and whether the government engaged in prosecutorial misconduct that must be deterred to ensure compliance" with the Speedy Trial Act. *United States v. Howard*, 218 F.3d 556, 562 (6th Cir. 2000) (citations and internal quotation marks omitted). Adams does not contend the eight-day delay created any

prejudice. (*See* Doc. No. 140 at 57). And I previously rejected his allegations of prosecutorial misconduct as unfounded. (Doc. No. 119 at 8-10, 11-12, and 17-18).

I conclude §§ 3161(b) and 3162(a)(1) mandate that the charge against Adams must be dismissed and further conclude that this dismissal shall be without prejudice.

### B. SIXTH AMENDMENT

Adams also asserts the delays in this case have violated his Sixth Amendment speedy trial rights. But I conclude the four factors identified by the Supreme Court in *Barker v. Wingo*, 407 U.S. 514 (1972), do not support a finding that Adams' Sixth Amendment speedy trial right has been violated. *See id.* at 530 (instructing courts to balance "[l]ength of delay, the reason for the delay, the defendant's assertion of his right, and prejudice to the defendant").

Even if I assume, for the sake of argument, that the approximately 29 months which have passed since Adams was indicted constitutes an "uncommonly long" delay, *Doggett v. United States*, 505 U.S. 647, 651 (1992), the other factors do not tip the scales in Adams' favor.

There has been no showing that any of the delays in this case were the result of the government's attempt to "secure a tactical advantage." *United States v. White*, 985 F.2d 271, 275 (1993) (citation omitted). Instead, a good portion of the delay in this case has arisen from the 28 motions and "objections" Adams has filed since his retained attorneys withdrew from the case in June 2022.

In May 2023, as I prepared to issue a decision on Adams' motions to dismiss and his motion for reconsideration of my denial of his suppression motion, Adams moved, for the first time, for a hearing on those motions. (Doc. No. 86). In June 2023, when I granted Adams leave to supplement his briefing or to file additional pretrial motions, he filed another seven motions, one of which was filed three weeks after the filing deadline to which Adams had agreed in court. (*See* Doc. No. 117). Despite Adams' failure to request leave of court to file his untimely motion, I considered

6

his arguments and issued a decision regarding that motion. (Doc. No. 119). As I previously stated, "Adams cannot complain that a trial date has not been set while simultaneously litigating (and relitigating) nearly every primary and peripheral issue in this case." (*Id.* at 24).

Nor does the third factor favor Adams. While he has lodged frequent objections to speedy trial exclusions, Adams also has consented to the exclusion of time from the speedy trial clock on other occasions – including, most significantly, on September 14, 2023, when Adams explicitly declined to accept my offer to move his trial up by two months, from December 14, 2023, to October 4, 2023. (Doc. No. 127 at 5; Doc. No. 139 at 1-2). Additionally, in October 2022, Adams requested that the district court proceedings in this case be stayed while he pursued an appeal of my denial of his motion for pre-trial release pursuant to 18 U.S.C. § 3164. (Doc. No. 58). I denied that request, (Doc. No. 63), and litigation in this case continued during the five-month period between Adams' filing of his notice of interlocutory appeal and the Sixth Circuit's denial of that appeal. (Doc. Nos. 72 and 75). Adams cannot credibly assert that his speedy trial rights have been violated when he declined to accept the opportunity to resolve his case at an earlier date and consented to a continuance and also requested that this case be delayed while he pursued pre-trial release.

Finally, while I acknowledge the seriousness of Adams' concern about the duration and nature of his pretrial detention, Adams has not shown that his ability to present a defense has been impaired and, thus, he has not shown he has been prejudiced by the delay in this case. *See Barker*, 407 U.S. at 532.

I conclude Adams has not established that his Sixth Amendment speedy trial right has been violated and I deny his motion on this basis.

### C. MISCELLANEOUS ARGUMENTS

Adams also moves for dismissal pursuant to Rule 48(b). (Doc. No. 140 at 54). Rule 48(b) permits a court to dismiss an indictment "if unnecessary delay occurs in . . . presenting a charge to

7

grand jury[,] . . . or bringing a defendant to trial." Fed. R. Crim. P. 48(b). I conclude this argument is moot in light of my resolution of his Speedy Trial Act argument.

Finally, Adams also requests that one of the Assistant United States Attorneys be disqualified from any further proceedings against him "for prosecutorial misconduct" and that certain allegedly "false background facts" be stricken from my earlier orders. (Doc. No. 140 at 58, 60-83). I already have rejected these arguments and Adams has not presented any basis for reconsideration of my earlier decisions. (*See* Doc. No. 119 at 8-10, 11-12, and 17-18). Therefore, I deny Adams' motion on this basis as well.

## IV.    CONCLUSION

For the reasons set forth above, I deny Adams' motion to dismiss his case based upon the Sixth Amendment's speedy trial clause as well as his motion to disqualify government counsel and to strike portions of my earlier orders. (Doc. No. 140). I grant his motion to dismiss based upon 18 U.S.C. § 3161(b) because more than 30 nonexcludable days passed between Adams's arrest and his indictment. The charge against Adams is dismissed without prejudice.

So Ordered.

s/ Jeffrey J. Helmick
United States District Judge